

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# Ou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ou v. Atty Gen USA" (2004). *2004 Decisions.* Paper 831.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/831

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1783

———

WEN YING OU,

Petitioner

v.

JOHN ASHCROFT
United States Attorney General,
Respondent

———

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Board No. A78-210-625)

———

Argued: March 30, 2004

Before: ALITO, FISHER and ALDISERT, <u>Circuit Judges</u>.

(Opinion Filed: April 15, 2004)

———

BRUNO J. BEMBI (argued)
62 Nichols Court
Suite 202
Hempstead, NY 11550

ATTORNEY FOR PETITIONER

Peter D. Keisler
Assistant Attorney General
Civil Division

David V. Bernal
Assistant Director
Office of Immigration Litigation

Sergio A. O'Cadiz (argued)
Regina Byrd, Staff Attorney
Office of Immigration Litigation, Civil Division
United States Justice Department
P.O. Box 878, Ben Franklin Station
Washington D.C. 20044

ATTORNEYS FOR RESPONDENT

_____

## OPINION OF THE COURT

_____

ALDISERT, Circuit Judge.

Because we write only for the parties who are familiar with the facts, the procedural history and the contentions presented, we will not recite them except as necessary to the discussion. Wen Ying Ou, a native citizen of China, petitions this court to review a final order of removal entered by an Immigration Judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA"). Ou contends that the adverse credibility findings made by the IJ and the BIA were not supported by substantial evidence. For the reasons that follow, we will deny the petition.

Ou entered the United States illegally on August 2, 1999. He submitted an application for asylum and withholding of removal on January 5, 2000, accompanied by

an affidavit dated February 11, 2000. He is married to Sai Zhang Xiao, and together they have one daughter, born April 2, 1989, and one son, born September 3, 1991. Ou contends that his wife was forced to have an intrauterine device ("IUD") inserted soon after his daughter's birth pursuant to China's population control policy. In late 1990, doctors discovered that the IUD was missing, and because Ou's wife did not want it reinserted, the family went into hiding at the home of Ou's in-laws. Ou's wife became pregnant with Ou's son. Approximately two months after Ou's son was born, "village cadres" came to Ou's house and forced Ou to undergo a vasectomy. Ou was subsequently fined 1,500 RMB.[1]

The Attorney General may grant asylum to an alien who demonstrates that he or she is a refugee within the meaning of 8 U.S.C. § 1101(a)(42). See 8 U.S.C. § 1158(b)(1); 8 C.F.R. § 208.13(A). For Ou to establish he is a refugee, he must demonstrate that he is unable or unwilling to return to China "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); see also Gao v. Ashcroft, 299 F.3d 266, 271-272 (3d Cir. 2002). Such persecution must be inflicted by either the government or by forces that the government is unable or unwilling to control. Id. at 272.

As to Ou's claim regarding China's forced sterilization policy, the Immigration

---

[1]Neither party has provided information about the equivalent in U.S. dollars.

and Nationality Act provides:

> a person who has been forced to abort a pregnancy or to undergo
> involuntary sterilization, or who has been persecuted for failure or refusal
> to undergo such a procedure or for other resistance to a coercive
> population control program, shall be deemed to have been persecuted on
> account of political opinion, and a person who has a well founded fear that
> he or she will be forced to undergo such a procedure or subject to
> persecution for such refusal, refusal, or resistance shall be deemed to have
> a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B).

Ou bears the "burden of supporting [his] asylum claim[] through credible testimony." Id. (citations omitted). We review the agency's findings under the substantial evidence standard, in which we uphold credibility determinations that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Only discrepancies that "involve the heart of the asylum claim" can support an adverse credibility finding. Gao, 299 F.3d at 272. "Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." Id. The BIA's adverse credibility finding should be supported by a specific, cogent reason for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998).

We conclude that the BIA's determination that Ou's testimony was not credible is supported by substantial evidence in the record and that the BIA provided specific and sufficient reasons for its determination. In dismissing Ou's appeal, the BIA found that

4

discrepancies between Ou's testimony and the statements in his asylum application and accompanying affidavit provided a sufficient basis for an adverse credibility determination. Specifically, Ou did not remember whether his wife became pregnant with his son at the end of 1990 or beginning of 1991; he did not remember the exact date in September 1991 that he returned home after the birth of his son; he was unclear about whether he went into hiding with the rest of his family; and he changed his testimony regarding when (or if at all) the cadres broke up furniture in his house. Ou admitted confusion regarding the breaking up of furniture by the cadres. The IJ stated that Ou was reluctant to answer questions, "appeared to the Court to be beating around the bush on many occasions" and seemed to be reading from a script as he testified and not telling the truth. The BIA stated that the inconsistencies in Ou's testimony were not minor and noted that the IJ identified "numerous inconsistencies of varying importance" as well as "a material inconsistency in the record." The material inconsistency involved Ou's confusion over when the cadres broke up his furniture, which was important because it "is material to the issue of force." The BIA did not find Ou's explanation for the discrepancy convincing. Although we question the IJ's observation that Ou was reading from a script, given that Ou had no formal education and cannot read, we do not find the evidence of the record as a whole "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-484 (1992).

We have considered all of contentions raised by the parties and conclude that no

5

further discussion is necessary.

The petition for review will be denied.